**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROGER D. MOSBY,                                                                                   PLAINTIFF
ADC #63018

v.                                          NO: 5:09CV00204 JLH/HDY

LARRY NORRIS, *et al.*                                                                        DEFENDANTS

**ORDER**

Plaintiff, currently held at the Arkansas Department of Correction's Tucker Maximum Security Unit, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* (docket entry #1), on July 20, 2009.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least one prior civil action dismissed for failure to state a claim upon which relief

may be granted,[1] and one civil action dismissed as frivolous.[2]  Additionally, Plaintiff's appeal in *Mosby v. Crumpton* was dismissed as frivolous.  *Mosby v. Crumpton*, No. 91-3171, 953 F.2d 647 (table opinion) (8th Circuit Oct. 10, 1991).

The Court recognizes that some of the dismissals occurred prior to PLRA's enactment in 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g).  The merits of an inmate's underlying action are not changed by § 1915(g); only an inmate's ability to file the action *in forma pauperis* is affected.  The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim *in forma pauperis*.  *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes).

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury.  Specifically, Plaintiff contends that birds have been allowed to enter his barracks.  Plaintiff alleges that, as a result, he has become ill.  Plaintiff also asserts that Defendants' allowing the birds to enter the barracks constitutes cruelty to the birds.  Among the relief Plaintiff seeks is damages, an order preventing his exposure to the birds, and an order that the birds not be removed or destroyed before they can be tested for disease.  Such claims do not describe imminent danger of serious physical injury.

---

[1] *See Mosby v. Williams et al.*, ED/AR No. 5:97CV457 (filed September 22, 1997).

[2] *See Mosby v. Crumpton et al.*, ED/AR No. 5:91CV426 (filed August 15, 1991).

IT IS THEREFORE ORDERED THAT:

1.	Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2.	The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

3.	All pending motions are DENIED.

DATED this 24th day of July, 2009.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE